MANISCALCO v. Succession of FERRARO.

No. 5325.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

J. B. Crow, of Shreveport, for appellant.

Cook, Cook & Egan, of Shreveport, for appellee.

DREW, Judge.

Frank Ferraro died intestate in Caddo parish, La., in June, 1935, leaving as the sole asset of his estate a second hand Plymouth automobile. McCook Brothers Funeral Home, Inc., a creditor of the estate, applied for and was appointed administrator of the estate. The proceedings were conducted under the law relative to small successions. Sections 9707–9715, inclusive, Dart's Louisiana Statutes, Act No. 153 of 1900, Act No. 70 of 1906.

Under order of the court, the administrator sold the car at public sale for the purpose of paying the debts of the succession. It brought $335. The administrator then filed a proposed tableau of distribution, which was opposed by Philip Maniscalco, plaintiff herein, who alleged he was a preferred creditor.

The tableau of proposed final distribution of the succession is as follows:

"Received from sale of Plymouth Coupe automobile, being sole property of Succession ..................................... $335.00

1. Paid Shreveport Journal for advertising application for appointment as administrator...... $ 2.50
2. Paid Shreveport Journal for advertising sale of Plymouth coupe automobile ........................ 5.00
3. Reserved for subsequent advertising ............................. 15.00
4. Reserved for subsequent court costs ............................... 15.00
5. Court costs previously paid at time of filing of petition.......... 10.00
6. McCook Bros. Funeral Home, Inc., funeral expenses............ 169.50
7. Commission of administrator.... 16.75
8. Fee of M. W. Feist, attorney for absent heirs ...................... 10.00
9. T. E. Schumpert Sanitarium, room and treatment.............. 5.00
10. T. E. Schumpert, ambulance, (Both of above items being expenses of last illness of deceased, Frank Ferraro).............. 5.00
11. Dr. Geo. Garrett, fee for services in last illness..................... 25.00
12. Attorney's fee of Cook, Cook & Egan, attorneys for administrator ................................. 50.00
13. Storage on automobile of succession from August 13, 1935, to Sept. 7, 1935...................... 6.25

Total ....................... $335.00"

The opposition to the final account by plaintiff herein, alleges as follows:

"1. That opponent is a preferred creditor to the extent of $168.25, which repre-

sents the balance due on the purchase price of the automobile sold by the administrator and belonging to the Estate of Frank Ferraro, together with 8% per annum interest from August 25, 1935, and 15% on the amount thereof as attorney's fees; that opponent has a vendor's lien and privilege and chattel mortgage upon said car and the proceeds of the said sale thereof for said amount, said car having been the only asset and the only property sold by the administrator; and opponent is also a preferred creditor for $10.32 for telephone charges, etc., in connection with the funeral of the deceased Frank Ferraro; that on July 25, 1935, the Automobile Finance Company, of Pittsburgh, Pennsylvania, who held a vendor's lien and chattel mortgage on said car for the balance of the unpaid purchase price, for a valuable consideration transferred, assigned and set over to your opponent all of its rights, title and interest in and to the mortgage, note and vendor's lien and privilege and all the accessories that go with it on and against the said automobile, all as shown by the documents which are attached hereto and made a part hereof; that on August 26, 1935, opponent paid said Automobile Finance Company the sum of $168.25, as shown by the sight draft hereto attached and made a part hereof, which was in consideration of the sale, assignment, and transfer to opponent of said note, chattel mortgage, lien and privilege on and against said automobile, all as more fully shown by said documents which are attached hereto and made a part hereof; and your opponent is entitled to be paid from the proceeds of the sale of said car by priority and preference over all other claims or creditors of the Estate of Frank Ferraro, except the mere charge of affixing seals and making inventory, if any was made, which amount should not exceed $25.00 or $30.00.

"2. In the alternative, if the court should hold that opponent is not entitled to be paid by priority and preference over all other claims and creditors of the Succession, then your opponent opposes each and all of the items on the tableau of proposed final distribution of assets of the Succession herein, on the following grounds:

"(a) That all of said charges are subordinate to the claim of opponent; and

"(b) That each and all of said items on said tableau are either not due by the Estate or are in excess of the charges and fees allowed by law in successions involving less than $500.00."

On the trial of the opposition, plaintiff offered in evidence certain documents for the purpose of establishing that he is the owner and holder of a chattel mortgage and vendor's lien on the automobile sold at succession sale, and thereby a preferred creditor. The documents were objected to by the administrator for the following reasons: That they were not identified as having any connection with the case; that they purported to be copies of acts passed in other states without proper identification; and that they are irrelevant and immaterial.

The court admitted the testimony, subject to the objection, but in rendering a decision in the case, it held the documents filed over objection were inadmissible, and rejected plaintiff's demands.

From this judgment, plaintiff has perfected an appeal to this court.

The document offered which was not objected to (No. 1), is a sight draft for $168, made at Pittsburgh, Pa., by the Automobile Finance Company and drawn on plaintiff. The draft bears the notation "Plymouth Coupe" and the serial number. This draft was sent to the First National Bank, in Shreveport, and taken up by plaintiff, at which time the bank turned over to him the remaining four documents which he has offered and which were ruled inadmissible by the lower court. We will describe them in the order in which they were numbered and filed: No. 2 is an invoice from Pietro Di Novo, Steubenville, Ohio, to Frank Ferraro, of Steubenville, Ohio, of date May 26, 1934, showing in detail the price of a Plymouth coupé, with serial number the same as that on the draft; the amount paid to that date and the balance due to be paid in 18 months, at $29 per month. The next document, No. 3, purports to be a chattel mortgage on the same coupé to Pietro Di Novo, of date May 26, 1934, with a note attached calling for the payment of 18 notes of $29 each, payable monthly. This document is signed by Frank Ferraro, mortgagor, accepted by Pietro Di Novo, mortgagee, and witnessed by Joseph Di Novo. There is only one witness and no acknowledgment before a notary public or other officer authorized to administer oath. It purports to be the original, but does not disclose it had ever been recorded. On

the back of this document is attached a plain sheet of paper, containing the following:

"Pittsburgh, Pennsylvania.

"For valuable consideration, the receipt whereof is hereby acknowledged, the undersigned hereby sells, assigns, transfers and sets over to Philip Maniscalco, without recourse, all its right, title and interest in and to the within contract.

"Automobile Finance Company
"By L. Casill, Asst. Secretary."

Document No. 4 purports to be a bill of sale from Pietro Di Novo, Steubenville, Ohio, to Frank Ferraro, of a Plymouth car of the same serial number as that shown in the purported chattel mortgage and sight draft, and is dated May 26, 1934. This document is signed in type "Pietro Di Novo, per Jos. I. Di Novo" (in ink) as grantor, and Frank Ferraro, grantee. It is witnessed by Elizabeth M. Harisiuk. On the bottom of said instrument is the following oath:

"The State of Ohio
"Jefferson County

"Joseph D. Di Novo is Agent for...... being duly sworn says that he is Pietro Di Novo the grantor of the within described vehicle, and that the statements in the foregoing bill of sale are in all respect true and correct, as he verily believes.

"Joseph D. Di Novo

"Sworn to and signed in my presence this 26th day of May, 1934.

"Elizabeth M. Harasiuk,
"Notary Public, Jefferson County, Ohio."

Document No. 5 is a certificate of registration of a passenger car, Plymouth make, with the same serial number as that contained in the document above described, and is dated May 26, 1934, at Steubenville, Ohio.

If documents Nos. 2, 4, and 5 were admissible for any purpose, they would only show title in Frank Ferraro to the car in question, which is not disputed by any one, as it was sold as his car. If these documents had been admitted in evidence, they could have no bearing on the case. Document No. 1 shows only that plaintiff paid a draft for $168, drawn on him by the Automobile Finance Company, Pittsburgh, Pa., with a notation on the bottom thereof, "Plymouth Coupe," and the same serial number as shown by the other documents.

The only document which would tend to give plaintiff any relief is No. 3, which purports to be a chattel mortgage on the Plymouth coupé given in consideration of the balance of the purchase money due Pietro Di Novo for the Plymouth coupé sold to Frank Ferraro, in which document Di Novo purports to sell said car to Frank Ferraro and which the Automobile Finance Company purported to assign to plaintiff. This document, we think, is clearly inadmissible.

The law governing the admissibility of such testimony is Act No. 68 of 1914, § 1, which reads as follows: "Be it enacted by the General Assembly of the State of Louisiana, That any deed, counter letter, power of attorney, declaration, contract, or other instrument, under private signature, purporting to be attested by two or more witnesses and accompanied by an affidavit of the vendor or grantor that the same was signed or executed by him, or by an affidavit of one or more such witnesses, made at or after the signing and execution of such deed, counter letter, or other instrument, and setting forth substantially that said instrument was signed or executed by the party or parties thereto in the presence of the affiant or affiants, shall be deemed, taken and accepted, prima facie, and without further proof, as being true and genuine, and shall be so received and accepted in evidence in the courts of Louisiana, without further proof."

It is certain that the instrument does not meet the requirements of this act. It was not attested by two witnesses; it was not accompanied by an affidavit of the vendor or grantor that the same was signed or executed by him; nor by an affidavit of one or more witnesses, as required by the act. Neither the witness to the document nor the maker thereof was present to testify, and their depositions were not taken.

Plaintiff contends the document is admissible under Act No. 256, section 1 of 1918, which reads as follows: "Be it enacted by the General Assembly of the State of Louisiana, that all deeds and other acts under private signature heretofore acknowledged before any Ambassador, Minister, Charge D'Affaires, Secretary of Legation, Consul General, Consul, Vice-Consul, Consul, or a Notary Public of any one of the States of the Union, Insular Possession, Territories of the United States, District of Columbia, or a Commissioner for the State of Louisiana in any one of the said States or Ter-

ritories, whether said acknowledgment be signed or not signed by the party making it, or whether said acknowledgment be made in the presence of or out of the presence of witnesses, shall be deemed, taken and accepted as prima facie valid and received in evidence without further proof."

We are of the opinion that this act fails to give plaintiff any relief, even though we should assume that the act has a prospective effect, because the instrument is not acknowledged before a notary public or any other official named in said act. However, we are of the opinion that this act only has a retrospective effect and deals only with deeds, instruments, mortgages, etc., which had been executed prior to its passage. Prior to the passage of Act No. 68 of 1914, it was difficult indeed to have admitted in evidence a deed executed in another state. Very often, all the witnesses and the maker were dead. The evidence necessary to produce to make the deed admissible was costly and sometimes impossible to secure. Since the passage of Act No. 68 of 1914, this is no longer true. However, there were many instruments executed prior to that time which could not be made to comply with that act, therefore, the Legislature, in our opinion, passed Act No. 256 of 1918 to take care of that situation. There is no conflict between the two acts; therefore, the 1914 act has not been repealed.

Whether our reasoning in this matter is correct or not, it stands out that the word "heretofore" in the 1918 act can mean but one thing, and that is what has happened. It cannot mean what is to happen. It has but one meaning, and we must accept the act as written and interpret it according to its language.

We therefore conclude that plaintiff has not established himself as a preferred creditor of the succession. There is no evidence in the record that he furnished any moneys to deceased. What dealing or trade, if any, he had with deceased is not shown by the record. The record does not disclose that deceased was indebted unto the Automobile Finance Company in any amount, and we cannot assume that the money paid by plaintiff to it was for the benefit of deceased.

It therefore follows that the judgment of the lower court is affirmed, with costs.

*Rehearing denied Jan. 12, 1937. Writ of error refused March 1, 1937.